JUDGE KOELTL

15 CV 02217

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PHILLIP JEAN-LAURENT,

                  Plaintiff,

  -against-

LATECHAR CORNELIUS; SHANICE CORNELIUS; JOHN KINARD; P.O. JERRY ZENDER; P.O. ALICEA; SGT. CHRISTIAN JARA; P.O. JOHN DOE #1; DET. JANE DOE #1; DET. CHAINESE; S.P.O. TESERA TUCKER; P.O. SHARON HENRY; P.O. DENNIS VOID; ADA BRENDAN McARDLE,

                  Defendants.

COMPLAINT
under the
CIVIL RIGHTS ACT
of 1871
42 U.S.C. § 1983

JURY TRIAL DEMAND

---

## I. *Introduction*

1. Plaintiff Phillip Jean-Laurent brings this action against non-government individuals, employees of the New York City Police Department, employees of the New York State Division of Parole, and an employee of the Bronx County District Attorney's Office to redress the violation of rights secured to him in the Bill of Right by the Amendments to the United States Constitution.

## II. *Complaint*

2. This is a civil complaint pursuant to the Civil Rights Act of 1871 as codified in title 42 of the United States Code, Section 1983.

## III. *Jurisdiction*

3. This action is brought pursuant to title 42 of the United States Code, Section 1983 to vindicate the violation of rights secured to plaintiff by the Fourth and Fourteenth Amendment to the United States Constitution.

4. Plaintiff is a resident of the State of New York.

1

5. Upon information and belief, each of the individual defendants named herein were residents of the State of New York during the relevant times in question.

6. Pursuant to Article III, Section 2 of the United States Constitution and title 28 of the United States Code, Sections 1331 and 1343, jurisdiction is vested in this United States District Court to hear and decide federal claims arising under the Constitution, laws and treatises of the United States.

7. The Federal Southern District Court sitting in and for the southern part of New York State is designated as the place of venue for claims arising out of the County of Bronx, State of New York, by Sections 112(b) and 1391 of title 28 of the United States Code.

8. And pursuant to title 28 of the United States Code, Section 1367, the supplemental jurisdiction of the Court is invoked over state law claims.

## IV. *Parties*

9. Phillip Jean-Laurent is the Plaintiff in this action, whose mailing address is P.O. Box 200016, South Ozone Park, New York 11420-0016.

10. Latechar Cornelius was at all relevant times herein a resident of the State of New York whose address is believe to be, upon information and belief, 1742 Richmond Road, Staten Island, New York, 10306. This lawsuit seeks to recover damages in her individual capacity.

11. Shanice Cornelius was at all relevant times herein a resident of the State of New York whose address is believe to be, upon information and belief, 1742 Richmond Road, Staten Island, New York, 10306. This lawsuit seeks to recover damages in her individual capacity.

12. John Kinard was at all relevant times herein a resident of the State of New York whose address is believe to be, upon information and belief, 1742 Richmond Road, Staten Island, New York, 10306. This lawsuit seeks to recover damages in his individual capacity.

13. Jerry Zender was at all relevant times herein employed by the New York City Police Department at the 48th precinct, located at 450 Cross Bronx Expressway, Bronx, New York, 10457, in the capacity of a police officer, and at all relevant times herein acted under the color of state law, ordinance, regulation, usage, custom and practice. This action seeks to recover damages in his individual and official capacities.

14. Christian Jara was at all relevant times herein employed by the New York City Police Department at the 48th precinct, located at 450 Cross Bronx Expressway, Bronx, New York, 10457, in the capacity of a police sergeant, and at all relevant times herein acted under the color of state law, ordinance, regulation, usage, custom and practice. This action seeks to recover damages in his individual and official capacities.

15. Police Officer Alicea was at all relevant times herein employed by the New York City Police Department at the 48th precinct, located at 450 Cross Bronx Expressway, Bronx, New York, 10457, in the capacity of a police officer, and at all relevant times herein acted under the color of state law, ordinance, regulation, usage, custom and practice. This action seeks to recover damages in his individual and official capacities.

16. John Doe #1 was at all relevant times herein employed by the New York City Police Department at the 48th precinct, located at 450 Cross Bronx Expressway, Bronx, New York, 10457, in the capacity of a police officer, and at all relevant times herein acted under the color of state

law, ordinance, regulation, usage, custom and practice. This action seeks to recover damages in his individual and official capacities.

17. Detective Chianese was at all relevant times herein employed by the New York City Police Department at the 113th precinct, located at 167-02 Baisley Boulevard, Jamaica, New York, 11434, in the capacity of a police detective, and at all relevant times herein acted under the color of state law, ordinance, regulation, usage, custom and practice. This action seeks to recover damages in his individual and official capacities.

18. Jane Doe #1 was at all relevant times herein employed by the New York City Police Department at the 113th precinct, 167-02 Baisley Boulevard, Jamaica, New York, 11434, in the capacity of police detective, and at all relevant times herein acted under the color of state law, ordinance, regulation, usage, custom and practice. This action seeks to recover damages in her individual and official capacities.

19. Sharon Henry was at all relevant times herein employed by the New York State Division of Parole at the area IV Manhattan Division Office located at 314 W. 40th Street, New York, New York, 10018, in the capacity of a parole officer exercising post-release supervision authority over plaintiff; and at all relevant times herein acted under the color of state law, ordinance, regulation, usage, custom and practice. This action seeks to recover damages in her individual and official capacities.

20. Dennis Void was at all relevant times herein employed by the New York State Division of Parole at the area IV Manhattan Division Office located at 314 W. 40th Street, New York, New York, 10018, in the capacity of a parole officer exercising post-release supervision authority over plaintiff; and at all relevant times herein acted under the color of state law, ordinance, regulation,

4

usage, custom and practice. This action seeks to recover damages in his individual and official capacities.

21. Teresa Tucker was at all relevant times herein employed by the New York State Division of Parole at the area IV Manhattan Division located at 314 W. 40th Street, New York, New York, 10018, in the capacity of a senior parole officer exercising supervisory over parole officers; and at all relevant times herein acted under the color of state law, ordinance, regulation, usage, custom and practice. This action seeks to recover damages in her individual and official capacities.

22. Brendan McArdle was at all relevant times herein employed by the Bronx County District Attorney's Office located at 198 East 161 Street, Bronx, New York, 10451, in the capacity of a prosecuting Assistant District Attorney; and at all relevant times herein acted under the color of state law, ordinance, regulation, usage, custom and practice. This action seeks to recover damages in his individual and official capacities.

## V. *Statement of Facts*

23. In December of 2012, Plaintiff meet L. Cornelius on a dating website, they became acquainted and began dating shortly thereafter.

24. At the time plaintiff met L. Cornelius, she purported to be employed by a health insurance company as an appeals court aid earning a middle class income of over $70,000, but was not paying rent to her landlord and the landlord was seeking her eviction from the premises of 2390 Author Avenue, Bronx, New York where she resided.

25. In mid-January of 2013, she literally beg plaintiff to rent out an apartment with her which eventually plaintiff succumbed and incrementally contributed at least $1,700 to rent out an apartment at 260 E. 176th Street, Bronx, New York, during the month of March after plaintiff

obtained permission from defendant P.O. Dennis Void *(hereinafter P.O. Void")* who was during the relevant times in question plaintiff's parole officer.

26. On or about March 29, 2013, plaintiff changed his place of residence from Brooklyn, New York to the Author Avenue apartment for the purpose of facilitating the move into the E. 176th Street apartment on April 1, 2013, but after L. Cornelius informed plaintiff of a change in living arrangements, plaintiff decided he would not move into the E. 176th apartment with defendant L. Cornelius and demanded she returned back the $1,500 plaintiff contributed towards the apartment.

27. L. Cornelius became so enraged, belligerent and hostile towards plaintiff that plaintiff called her son John Kinard *(hereinafter "Kinard")* and asked him to calm his mother down, at which he simply laughed and walked away.

28. L. Cornelius continued hostility towards plaintiff prompted plaintiff to first call his mother to inform her he would be bring his personal belongings to her apartment, then he phoned 911 and requested police protection and assistance, to which initially defendants Jerry Zender *(hereinafter "Zender")* and Alicea responded to the call, and they found L. Cornelius and plaintiff in a dispute over the money; and they were informed plaintiff called 911 for police protection and assistant because defendant L. Cornelius was preventing him from removing his personal belongings from her apartment.

29. Defendants Zender and Alicea ignored plaintiff's concerns and began inquiring of L. Cornelius whether plaintiff had assaulted her and she initially responded no.

30. They informed L. Cornelius they could not arrest plaintiff unless he assaulted her and then stated to her "if he assaulted you we will lock him up" and again inquired "did he hit you"?

31. L. Cornelius then stated "he bit me on the face" and point to the area of her face where she was supposedly bitten, but after examining her face and finding no marks resembling a bite mark, they again informed her they could not arrest plaintiff.

32. Zender and Alicea called Kinard only after plaintiff informed them he even had to call Kinard to calm L. Cornelius down and that he witness her being hostile towards plaintiff.

33. Zender and Alicea then went outside the building with Kinard while plaintiff continued to move his belongings out of the apartment, then they returned and manacle plaintiff.

34. Defendants Sgt. Christian Jara *(hereinafter "Jara")* and John Doe #1 then arrived at the apartment, and John Doe #1 was instructed to detained plaintiff downstairs in cuffs, while Zender, Alicea and Jara entered the apartment to inform L. Cornelius of what Kinard told them.

35. Jara informed L. Cornelius if she wrote a brief statement recounting what Kinard told them they would place plaintiff under arrest and would help her find a new place to stay if she made an allegation that she is in fear for life and safety which L. Cornelius agreed to do.

36. Thereafter plaintiff was jailed for approximately 24 or more hour pending his arraignment, at which time he was rearrested by detectives Chianese and Det. Jane Doe #1 of the 113th precinct, for an alleged unrelated criminal contempt offense.

37. Plaintiff was consequently jailed for approximately another 24 or more hours until his release the following day without charge, arraignment or commencement of a criminal proceeding from the Queens County Central Bookings.

38. Immediately upon his release from imprisonment that evening and up until his scheduled parole report date on April 8, 2013, on numerous occasions throughout the week

plaintiff called defendant Void's personal cell and office phone numbers to report his April 1, 2013 arrest and imprisonment to no avail.

39. On or about April 4, 2013, plaintiff appeared before the Bronx County Criminal Court to obtain an access order so that he may retrieve his personal belongings from the E. 176th Street apartment and the court granted a limited access order for that purpose.

40. That day and prior thereto, defendant Brendan McArdle *(hereinafter "McArdle")* was in communication and conspired with defendants Sharon Henry *(hereinafter "Henry")* in consultation with Teresa Tucker *(hereinafter "Tucker")*, along with L. Cornelius to arrest and imprison plaintiff by providing them with material and privileged attorney-client information with regards to date and time frame of the court-issued access order and other matters.

41. Defendant Henry and Tucker further conspired with L. Cornelius by aiding and abetting her to falsify statements against plaintiff so that parole would use the falsified statements to imprison plaintiff to a maximum expiration of November, 2015.

42. On April 8, 2013, plaintiff was arrested and imprisoned when he reported to parole and was served with a Notice Violation of Release Report authored by defendant Void and approved by defendant Tucker, charging 3 rule violations relating to L. Cornelius' perjurious assault allegations, and 4 knowingly false, misleading and unsustainable conditional parole release rule violations.

43. On April 16, 2013, a preliminary Hearing Officer found probable cause to continue plaintiff's imprisonment pending a final parole revocation hearing predicated upon L. Cornelius perjurious testimony presented by defendant Void which he should have known was false and perjurious.

44. Thereafter, in a compelled 2 day bench trial that commenced in the Bronx County Criminal Court on August 13, 2013, defendant McArdle deliberately, knowingly and willfully offered and permitted L. Cornelius, Shanice Cornelius *(hereinafter "S. Cornelius")* and Kinard *(collectively "the Cornelius's")* to give false and perjurious testimony against plaintiff, in order to secure plaintiff's criminal conviction and sustain the parole violation charges lodged against him.

45. The Criminal Court found plaintiff not guilty of all the criminal misdemeanor assault related offenses, but guilty of harassment, a violation offense that could not serve the basis for a violation and revocation of plaintiff conditional post-release supervision.

46. Plaintiff remained imprisoned pending the final parole revocation hearing that commenced and concluded on October 29, 2013, beyond and in excess of the maximum term of a court imposed post-release supervision.

47. Consequent of the orchestrated false allegations made and the perjurious testimonies given by the Cornelius's against plaintiff, in which defendants Zender, Jara, Alicea, McArdle, Henry, Void and Tucker were complicit in, the Cornelius's were permitted to unlawfully and wrongfully retain, dissipatate, discard and destroy plaintiff's personal property, and they aided, facilitate and advocated for the Cornelius's to receive rent free to low cost housing at plaintiff's peril, suffering and imprisonment.

## VI. *Causes of Action*

### FEDERDAL AND STATE CONSTITUTIONAL CLAIMS
### FALSE ARREST
### Count I

48. By reference to the averments set forth in the preceding paragraphs, defendants L. Cornelius, Kinard, Zender, Jara, Alicea, Chainese, John Doe #1, Jane Doe #1, McArdle, Tucker,

9

Henry and Void instigated, caused and/or arrested plaintiff without probable or reasonable cause to believe plaintiff committed a crime or violated the conditions of his post-release supervision, in violation rights secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, and Art. 1, § 12 of the New York State Constitution, for which they are jointly and severally liable to plaintiff for compensatory damages in an amount to be determined by a jury.

### Count II

49. By reference to the averments set forth in the preceding paragraphs, defendants L. Cornelius, Kinard, Zender, Jara, Alicea, Chainese, John Doe #1, Jane Doe #1, McArdle, Tucker, Henry and Void instigated, caused and/or arrested plaintiff without probable or reasonable cause to believe plaintiff committed a crime or violated the conditions of his post-release supervision, maliciously and sadistically, with wanton indifference to and deliberate disregards for, the rights of plaintiff secured by the Fourth and Fourteenth Amendments to the United States Constitution, and Art. 1, § 12 of the New York State Constitution, for which plaintiff is entitled to an award of exemplary damages against each of the individual defendants in an amount to be determined by a jury.

### ASSAULT
### Count III

50. By reference to the averments set forth in the preceding paragraphs, defendants L. Cornelius, Kinard, Zender, Jara, Alicea, Chainese, McArdle, Tucker, Henry, Void, John Doe #1 and Jane Doe #1, instigated, conspired, caused and/or assaulted plaintiff by virtue of his arrest, without probable or reasonable cause to believe plaintiff committed a crime or violated the conditions of his post-release supervision, in violation rights secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, and Art. 1, § 12 of the New York State Constitution,