UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

PHILLIP JEAN-LAURENT,                          15-cv-2217 (JGK)

               Plaintiff,              MEMORANDUM OPINION AND
                                               ORDER
       - against -

LATECHAR CORNELIUS, et al.,

               Defendants.

_____

JOHN G. KOELTL, District Judge:

    Pro se plaintiff Phillip Jean-Laurent filed a complaint
dated March 15, 2015, alleging various causes of action under 42
U.S.C. § 1983 arising out of a March 29, 2013 arrest and a
subsequent conviction for harassment. Jean-Laurent alleges that
Latechar Cornelius, Shanice Cornelius, and John Kinard
("Cornelius Defendants"); Police Officer Jerry Zender, Police
Officer Luis Alicea, Sergeant Christian Jara, Detective Lawrence
Chainese, Assistant District Attorney Brendan McArdle, Police
Officer John Doe #1, and Detective Jane Doe #1 ("City
Defendants"); and Senior Parole Officer Tesera Tucker, Parole
Officer Sharon Henry, and Parole Officer Dennis Void ("State
Defendants") (collectively, "defendants") conspired to deprive
Jean-Laurent of his constitutional rights by falsely arresting
and imprisoning him and maliciously prosecuting him. The

1

plaintiff also alleges that the defendants committed a variety
of state law torts against him.

On March 11, 2016, the City and State Defendants moved to
dismiss the Complaint. ECF Nos. 39, 42. The plaintiff eventually
filed an opposition to the motions on September 19, 2016, long
after the extended deadline set by the Court.

Although the City Defendants argue that the motion to
dismiss should be granted based on the untimeliness of the
response, in light of the plaintiff's pro se status and the lack
of any articulable prejudice caused by the delay, the Court will
consider the plaintiff's opposition and the City and State
Defendants' replies.

**I.**

In deciding a motion to dismiss pursuant to Rule 12(b)(6),
the allegations in the complaint are accepted as true, and all
reasonable inferences must be drawn in the plaintiff's favor.
McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir.
2007). The Court's function on a motion to dismiss is "not to
weigh the evidence that might be presented at a trial but merely
to determine whether the complaint itself is legally
sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir.
1985). The Court should not dismiss the complaint if the
plaintiff has stated "enough facts to state a claim to relief
that is plausible on its face." Bell Atl. Corp. v. Twombly, 550

U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." Id.; see also Villar v. Ramos, No. 13-cv-8422 (JGK), 2015 WL 3473413, at *1 (S.D.N.Y. June 2, 2015).

When faced with a pro se complaint, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that it suggests." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (internal quotation marks omitted). Thus, although the Court is "obligated to draw the most favorable inferences" that the complaint supports, it "cannot invent factual allegations that [the plaintiff] has not pled." Id.; see also Villar, 2015 WL 3473413, at *1.[1]

---

[1] The City defendants also moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5), arguing that the plaintiff failed to serve the defendants properly. However, any defective service could be cured. Because

## II.

For the purposes of the motions to dismiss, the Court accepts as true the factual allegations in the Complaint.

In December 2012, the plaintiff began to date Latechar Cornelius. Compl. ¶ 23. On April 1, 2013, the police responded to a dispute between Jean-Laurent and Cornelius over living arrangements and money. Id. ¶¶ 26-28. The responding police officers, Police Officer ("P.O.") Zender and P.O. Alicea, took a statement from Cornelius in which she stated that Jean-Laurent had bitten her on the face. Id. ¶¶ 29-31. The officers then separately interviewed John Kinard, Cornelius' son, who claimed to have witnessed the plaintiff bite Cornelius. Id. ¶¶ 32-35. Shortly thereafter, Sergeant Jara and another officer, P.O. John Doe #1, arrived on the scene and the plaintiff was arrested for assaulting Cornelius ("Arrest 1" or "the first arrest"). Id. ¶¶ 34-35. The plaintiff was detained pending his arraignment. Id. ¶ 36. Immediately following his arraignment, Jean-Laurent was again arrested on a separate criminal contempt charge by Detectives Chainese and Jane Doe #1 ("Arrest 2" or "the second arrest"). Id. ¶ 36. Once released from custody, Jean-Laurent

the plaintiff's claims must be dismissed pursuant to Rule 12(b)(6), it is unnecessary to decide whether service on any defendant was improper.

unsuccessfully attempted to contact his parole officer, Officer Void, to report his arrest and incarceration. Id. ¶ 38.

On April 8, 2013, Jean-Laurent appeared for a scheduled parole reporting date and was promptly arrested for parole violations stemming from the April 1 incident and for failure to report his arrests to his parole officer ("Arrest 3" or "the third arrest"). Id. ¶ 42. Jean-Laurent alleges that, during this time period, Assistant District Attorney ("A.D.A") McArdle shared information about the plaintiff's court dates from the April 1 incident with Senior Parole Officer Tucker and Parole Officer Henry. Id. ¶ 40.

Jean-Laurent was tried in Bronx County Criminal Court beginning on August 13, 2013.[2] The Complaint alleges that A.D.A McArdle, who tried the case, allowed Latechar Cornelius, Shanice Cornelius, and John Kinard to give false testimony. Id. ¶ 44. Jean-Laurent was found not guilty of all of the charges except that he was found guilty of Harassment in the Second Degree, a violation, and received a fifteen day sentence. Id. ¶ 45. Following the conviction, Jean-Laurent remained imprisoned until

---

[2] Jean-Laurent was charged with Assault in the Third Degree (N.Y Penal Law § 120.00), Menacing in the Third Degree (N.Y. Penal Law § 120.15), Criminal Obstruction of Breathing or Blood Circulation (N.Y. Penal Law § 121.11), Criminal Mischief in the Fourth Degree (N.Y. Penal Law § 145.00), and Harassment in the Second Degree (N.Y. Penal Law § 240.26). Lichterman Decl. in Supp. of the City Defendants' Mot., Ex. C.

an October 30, 2013 hearing on his parole violations.[3] Id. ¶ 46.
The parole authority found two violations and revoked Jean-
Laurent's parole. Fu Decl. in Supp. of Mot., Ex. A. However, in
light of his history of compliance, parole was then immediately
restored. Id.

The Complaint includes claims for false arrest, (Counts One
and Two); assault (Counts Three and Four); malicious prosecution
(Counts Five and Six); false imprisonment (Counts Seven and
Eight); fabrication of evidence (Counts Nine and Ten);
conspiracy to violate Jean-Laurent's constitutional rights
(Counts Eleven and Twelve); abuse of process (Counts Thirteen
and Fourteen); and conspiracy to falsely arrest and imprison,
and to maliciously prosecute Jean-Laurent (Counts Twenty-One and
Twenty-Two), all in violation of the federal and New York state
constitutions. See Compl. ¶¶ 48-61, 67-68. The federal claims
allege violation of the plaintiff's rights under the United
States Constitution which are actionable under 42 U.S.C. § 1983
if the violations are committed under color of state law. The
Complaint also includes state law claims for conversion (Counts
Fifteen and Sixteen); injurious falsehood (Counts Seventeen and
Eighteen); and intentional infliction of emotional distress

---

[3] The Complaint alleges that the hearing occurred on October 29,
2013, but the record of the parole revocation hearing indicates
that it occurred on October 30, 2013. Fu Decl. in Supp. of the
State Defendants' Mot., Ex. A.

(Counts Nineteen and Twenty). See id. ¶¶ 62-66. Although summonses were issued for the Cornelius Defendants, the record does not reflect that service was effected or that the Cornelius Defendants have appeared.

### III.

The City and State Defendants now move to dismiss all claims against them. The City Defendants argue, among other reasons, that the Complaint must be dismissed because several of the federal claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994); because there was probable cause for the plaintiff's arrest and prosecution; and because the claims are otherwise inadequately pleaded. The State Defendants argue that the claims against them must be dismissed because there was probable cause for the plaintiff's arrest and parole revocation; because the State Defendants are entitled to immunity; and because the Complaint otherwise fails to state a claim upon which relief can be granted.

### A.

Counts One and Two allege that the defendants violated Jean-Laurent's constitutional rights by falsely arresting him.[4]

---

[4] The Complaint purports to assert a variety of claims under the New York State Constitution. See Compl. ¶¶ 48-61 (Counts One through Fourteen). The Court also construes Counts Twenty-One and Twenty-Two as allegations that the defendants conspired to violate Jean-Laurent's constitutional rights, including his state constitutional rights. See id. ¶¶ 67-68. Because the Court

An allegation of false arrest under 42 U.S.C. § 1983 "is
substantially the same as a claim for false arrest under New
York law." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996); see
also Bullard v. City of New York, 240 F. Supp. 2d 292, 297
(S.D.N.Y. 2003). "Under New York state law, to prevail on a
claim of false arrest a plaintiff must show that (1) the
defendant intended to confine him, (2) the plaintiff was
conscious of the confinement, (3) the plaintiff did not consent
to the confinement and (4) the confinement was not otherwise
privileged." Jocks v. Tavernier, 316 F.3d 128, 134-35 (2d Cir.
2003) (quotation marks omitted). Because an arrest made with
probable cause is privileged, "probable cause 'is a complete
defense to an action for false arrest.'" Bullard, 240 F. Supp.
2d at 297 (quoting Bernard v. United States, 25 F.3d 98, 102 (2d
Cir. 1994)); see also Jocks, 316 F.3d at 135.

    "Probable cause is established when the arresting officer
has knowledge or reasonably trustworthy information sufficient
to warrant a person of reasonable caution in the belief that an
offense has been committed by the person to be arrested." Singer
v. Fulton Cty. Sheriff, 63 F.3d 110, 119 (2d Cir. 1995)
(quotation marks omitted); see also Jenkins v. City of New York,

---

declines to exercise supplemental jurisdiction over the state
law claims, the Court does not decide any of the claims based on
the New York State Constitution.  See 28 U.S.C. § 1367(c)(3).

Nos. 98-cv-7170 (JGK), 98-cv-7338 (JGK), 1999 WL 782509, at *8 (S.D.N.Y. Sept. 30, 1999). "An arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity." Singer, 63 F.3d at 119. "Information about criminal activity provided by a single complainant can establish probable cause when the information is sufficiently reliable and corroborated." Oliveira v. Mayer, 23 F.3d 642, 647 (2d Cir. 1994). Information from a credible eyewitness can likewise be sufficient to establish probable cause. See Miloslavsky v. AES Eng'g Soc., Inc., 808 F. Supp. 351, 355 (S.D.N.Y. 1992), aff'd, 993 F.2d 1534 (2d Cir. 1993) (table); see also Bullard, 240 F. Supp. 2d at 298.

Moreover, a conviction for the offense which precipitated the arrest is definitive evidence of probable cause. Cameron v. Fogarty, 806 F.2d 380, 387 (2d Cir. 1986); see also Weyant, 101 F.3d at 852 (conviction following arrest is normally conclusive evidence of probable cause provided that the conviction survives appeal). Finally, a warrant may issue for parole violations upon mere reasonable cause, not probable cause. N.Y. Comp. Codes R. & Regs. tit. 9 § 8004.2(c) (2016); see also Alvarado v. City of New York, 482 F. Supp. 2d 332, 337 (S.D.N.Y. 2007).

Based on the allegations in the Complaint, the City and State Defendants had probable cause for each of the three arrests, requiring dismissal of Jean-Laurent's claims for false arrest (Counts One and Two).

Although the plaintiff was acquitted on the assault charge, the first arrest resulted in a conviction for harassment, establishing conclusive evidence of probable cause. See Cameron, 806 F.2d at 380; see also Weyant, 101 F.3d at 852. Probable cause was further established by the credible report of the victim, Latechar Cornelius, that Jean-Laurent had assaulted her, see Singer, 63 F.3d at 119, as well as by Kinard's corroborative statement to police, Bullard, 240 F. Supp. 2d at 298. Because probable cause establishes that the first arrest was privileged, the Complaint fails to state a claim as to that arrest.[5]

The plaintiff's false arrest claim in connection with the third arrest also fails.[6] Parole regulations require a parolee to notify his parole officer immediately following any contact with or arrest by law enforcement. 9 N.Y.C.R.R. § 8003.2(f). Before

---

[5] For the same reason, the claims for abuse of process must be dismissed. See Compl. ¶¶ 60-61 (Counts Thirteen and Fourteen). See Jones v. J.C. Penny's Dep't Stores Inc., 317 Fed. App'x 71, 74 (2d Cir. 2009) (summary order) (failure to establish lack of probable cause required dismissal of the plaintiff's federal abuse of process claims).

[6] Jean-Laurent does not challenge the second arrest. See Compl. ¶¶ 36-37.

his arrest for parole violations, Jean-Laurent's parole officers were informed of his arrests and appearance in court, but had not received a notification of this incident from the plaintiff himself. Jean-Laurent admits to trying unsuccessfully to notify his parole officer of his arrest. Compl. ¶ 38. Thus, there was reasonable cause for the third arrest. See Alvarado, 482 F. Supp. 2d at 337. Furthermore, the charges of parole violation were sustained and Jean-Laurent's parole was revoked, precluding his claim for false arrest. Fu Decl. in Supp. of Mot., Ex. A; see Fogarty, 806 F.2d at 387 (plaintiff in a false arrest case must show "that the proceedings previously commenced against him

terminated in his favor").[7] Thus, the false arrest claims regarding the third arrest must be dismissed.[8]

The Complaint also alleges false imprisonment claims against both the City and State Defendants arising out of the same conduct as the false arrest claims. False arrest is "a

---

[7] Moreover, the City and State defendants would be entitled to qualified immunity for the claims alleging false arrest. Such immunity attaches to "protect[] government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quotation marks omitted). The City and State Defendants are entitled to qualified immunity because there is no "clearly established" law that would put a reasonable officer on notice that his "conduct was unlawful in the circumstances of the case." Id. at 232. In particular, reasonable police officers faced with a complainant alleging that her former partner bit her would not have been put on notice that relying on such allegations in making an arrest would be unlawful. See Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000) (granting qualified immunity to officers in part on the basis that "police officers, when making a probable cause determination, are entitled to rely on the victims' allegations that a crime has been committed"). Similarly, there is no clearly established law that would put reasonable parole officers on notice that charging the plaintiff with violations of parole would be unlawful under the circumstances. See Alvarado v. City of New York, 482 F. Supp. 2d 332, 337–38 (S.D.N.Y. 2007) (parole officers entitled to immunity for arrest of parolee following parolee's indictment on a criminal charge).

[8] Because the assault allegations are based on the allegations that the arrests themselves were unlawful, and not on allegations of excessive force, the presence of probable cause also requires dismissal of the claims for assault (Counts Three and Four). Kramer v. City of New York, 04-cv-106 (HB), 2004 WL 2429811, at *11 (S.D.N.Y. Nov. 1, 2004) ("As Plaintiff does not allege that the officers used excessive force during the arrest, her claim of assault and battery should be dismissed.").

species of false imprisonment" and the analysis for false arrest is the same as that of false imprisonment. <u>Singer</u>, 63 F.3d at 118; <u>see also</u> <u>Jenkins v. City of New York</u>, 478 F.3d 76, 88 n.10 (2d Cir. 2007). Thus, for all the reasons set out above, the false arrest and false imprisonment counts (Counts One, Two, Seven, and Eight), abuse of process counts (Counts Thirteen and Fourteen), and the assault counts (Counts Three and Four) must be dismissed.[9]

---

[9] In his Complaint, the plaintiff alleges, without explanation, that he remained imprisoned "beyond and in excess of the maximum term of a court imposed post-release supervision." Compl. ¶ 46. In his memorandum in opposition to the motions to dismiss, the plaintiff alleges that he was originally sentenced to a three year term of supervised release that expired on October 27, 2013, but that the parole revocation hearing occurred thereafter and he was subsequently released. Plaintiff's Mem. in Opp. to Mots. p. 14. The State Defendants submitted a court order dated November 22, 2013 which recited that the plaintiff had originally been sentenced to a determinate prison term of seven years plus a three-year term of post-release supervision, but the court clerk subsequently issued a commitment order reflecting a five-year term of post-release supervision. Fu Decl. in Further Supp. of Mot., Ex. A. The parties agreed that the five-year term of post-release supervision was of no legal effect. <u>Id.</u> The court ordered the Department of Corrections and Community Supervision to recalculate the defendant's sentence to reflect the three-year term of post-release supervision. <u>Id.</u> There are no allegations regarding the actual date of the plaintiff's release. Personal involvement of a defendant is a requirement for personal liability under § 1983. <u>See</u> <u>Grullon v. City of New Haven</u>, 720 F.3d 133, 138 (2d Cir. 2013) ("[I]n order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, <i>inter alia</i>, the defendant's personal involvement in the alleged constitutional deprivation."). There are no allegations in the Complaint that any of the individual defendants were personally involved in preparing or filing the incorrect records reflecting a five-year term of post-release supervision for the plaintiff. Nor are

**B.**

Counts Five and Six allege that the defendants commenced the criminal and parole revocation proceedings against the plaintiff without reasonable or probable cause, constituting malicious prosecution. To prove malicious prosecution, a plaintiff must demonstrate "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Jocks, 316 F.3d at 136 (quoting Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997)).

Just as with false arrest, probable cause is "a complete bar to a claim of malicious prosecution." Bullard, 240 F. Supp. 2d at 297; see also Manganiello v. City of New York, 612 F.3d 149, 161-62 (2d Cir. 2010). For the reasons set out above, probable cause existed as to Jean-Laurent's arrest, thereby

---

there any allegations that any of the defendants were personally involved in the decision regarding the plaintiff's release. Therefore, the plaintiff's allegation that he was held for some period of time beyond the expiration of his three-year term of post-release supervision is not a basis for liability against the defendants in this case. See, e.g., Scott v. Fischer, 616 F.3d 100, 110 (2d Cir. 2010) (affirming dismissal of § 1983 claim against employees of the Department of Corrections because the plaintiff failed to allege that the employees participated in the plaintiff's allegedly defective parole revocation hearing).

creating a presumption of probable cause for his prosecution on the same grounds.

Moreover, the malicious prosecution claims must be dismissed because the proceedings did not terminate in the plaintiff's favor. Murphy, 118 F.3d at 947. A prosecution is deemed to have terminated favorably for the accused if the case ended in an acquittal or "when its final disposition is such as to indicate the innocence of the accused." Id. at 948; see also Russell v. Smith, 68 F.3d 33, 36 (2d Cir. 1995) ("In the absence of a decision on the merits, the plaintiff must show that the final disposition is indicative of innocence."). Besides acquittal on the merits or a failure to prosecute, few results are sufficiently indicative of innocence to qualify as a favorable termination for the plaintiff. See Murphy, 118 F.3d at 948-49 (citing various outcomes, including dismissals for insufficient pleading or lack of subject matter jurisdiction, as insufficiently indicative of innocence to qualify as favorable terminations). Jean-Laurent was convicted on a charge that was based on conduct that lead to his first arrest and had his parole revoked following the third arrest, neither of which qualifies as a favorable outcome.[10] Although he was acquitted of the more serious criminal charges, in this case the conviction

---

[10] The plaintiff's direct appeal of his conviction for harassment is currently pending.

"on a lesser offense is still inconsistent with the requirement of a favorable termination." Sanders v. Williams, No. 14-cv-7219 (PAC), 2015 WL 7963135, at *5 (S.D.N.Y. Nov. 10, 2015).[11] See also Poventud v. City of New York, 750 F.3d 121, 132 (2d Cir. 2014) (en banc).[12] The claims for malicious prosecution must therefore be dismissed.

---

[11] The City Defendants also argue that the malicious prosecution claim should be dismissed because it represents a collateral attack on the plaintiff's conviction in violation of Heck v. Humphrey, 512 U.S. 477 (1994). But the plaintiff "did not have the practical ability to pursue habeas relief" from his fifteen day sentence. Sanders, 2015 WL 7963135, at *5 n.2.; see Teichmann v. New York, 769 F.3d 821, 828 (2d Cir. 2014) (Livingston, J., concurring) ("We have recognized an exception to Heck's favorable termination requirement when habeas was never reasonably available to the plaintiff through no lack of diligence on his part -- that is, where an action under § 1983 was a diligent plaintiff's only opportunity to challenge his conviction in a federal forum."). The Court therefore does not rely on Heck.

[12] Although acquittal on the more serious of several counts may sometimes constitute "favorable termination" for the purposes of malicious prosecution, such instances are limited to ones where "the charges arose out of distinct facts and should be analyzed separately." Posr v. Doherty, 944 F.2d 91, 100 (2d Cir. 1991) (citing Janetka v. Dabe, 892 F.2d 187 (2d Cir. 1989)). In those cases, the possibility arises "of a prosecutor securing an indictment for an easily provable minor offense," such as resisting arrest, "and adding to it more serious charges with the hope that proof of probable cause on the lesser charge would insulate the prosecutor from liability for malicious prosecution on the unproved serious ones." DiBlasio v. City of New York, 102 F.3d 654, 658 (2d Cir. 1996). This is not such a case; the criminal charges arose out of the same transaction and could not be analyzed separately for the purposes of a malicious prosecution claim.

## C.

The claims for fabrication of evidence, Counts Nine and Ten, must also be dismissed. A person's constitutional rights are violated if "an (1) investigating official (2) fabricates evidence (3) that is likely to influence a [fact-finder's] decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result." Jovanovic v. City of New York, 486 Fed. App'x 149, 152 (2d Cir. 2012) (summary order) (citing Ricciuti v. N.Y.C. Transit Auth., 124 F.3d 123, 129-30 (2d Cir. 1997)). The Complaint includes only conclusory allegations that the defendants "instigated, encouraged, aided, conspired, caused and/or fabricated allegations against [the] plaintiff." Compl. ¶¶ 56, 57. The Complaint does not set forth any facts regarding which particular allegations were fabricated, nor does it offer anything other than "mere conclusory statements" regarding the defendants' alleged wrongdoing. See Amory v. Katz, No. 15-cv-1535 (VAB), 2016 WL 7377091, at *9 (D. Conn. Dec. 19, 2016) (dismissing claim for fabrication of evidence against officers because the complaint contained only "conclusory statements that the officers' descriptions of events were 'false'" and did "not actually include any specific claims of fabrication").

In sum, all of the federal constitutional claims must be dismissed because there was probable cause to arrest the

17

plaintiff on criminal charges, and reasonable cause to arrest the plaintiff for a parole violation, as evidenced by his criminal conviction and parole revocation, and because the allegations otherwise fail to state a claim.[13] Because the complaint fails to state a constitutional claim, any claim for conspiracy to deprive the plaintiff of his constitutional rights necessarily fails. D'Angelo-Fenton v. Town of Carmel, 470 F. Supp. 2d 387, 397 (S.D.N.Y. 2007) (noting that "a § 1983 conspiracy claim necessitates proving an actual deprivation of a constitutional right") (quotation marks omitted). Moreover, the "allegations as to conspiracy are [] vague and unsupported by description of particular overt acts," and are therefore insufficient to withstand the motions to dismiss. Sommer v. Dixon, 709 F.2d 173, 175 (2d Cir. 1983) (per curiam). Counts Eleven, Twelve, Twenty-One, and Twenty-Two must therefore be dismissed.

---

[13] The claims against the City Defendants must also be dismissed on the basis of immunity. The police officer defendants had qualified immunity protecting them from liability for the alleged claims of false arrest, malicious prosecution, false imprisonment, and fabrication of evidence because, based on the allegations in the Complaint, reasonable officials could, at the very least, disagree as to whether there was probable cause to arrest and prosecute the plaintiff given the written statement and allegations of Latechar Cornelius and corroboration by John Kinard. See, e.g., Simonetti, 202 F.3d at 634.

**D.**

The claims against A.D.A McArdle must be dismissed for the additional reason that he has absolute immunity for the actions alleged in the Complaint. The Complaint seeks to hold McArdle liable for presenting the testimony of Latechar Cornelius, Shanice Cornelius, and John Kinard at the plaintiff's criminal trial. Compl. ¶ 44. It also alleges that McArdle provided information about the dates of a court-issued access order. Id. ¶40. "[T]he duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom," which, along with actions taken "in preparing for the initiation of judicial proceedings or for trial," are entitled to absolute immunity. Buckley v. Fitzsimmons, 509 U.S. 259, 272-73 (1993) (quotation marks omitted). Absolute prosecutorial immunity is limited to "activities that are 'intimately associated with the judicial phase of the criminal process.'" Day v. Morgenthau, 909 F.2d 75, 77 (2d Cir. 1990) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)). Because Jean-Laurent's allegations against A.D.A McArdle relate only to his actions in preparation for and during the plaintiff's trial, those activities are entitled to absolute

immunity and the claims must be dismissed. See Buckley, 509 U.S. at 272-73; Day, 909 F.2d at 77.[14]

The State Defendants, meanwhile, are entitled to absolute immunity from the plaintiff's federal claims because parole officers "receive absolute immunity for their actions in initiating parole revocation proceedings and in presenting the case for revocation to hearing officers, because such acts are prosecutorial in nature." Victory v. Pataki, 814 F.3d 47, 66 (2d Cir. 2016) (quoting Scotto v. Almenas, 143 F.3d 105, 111-13 (2d Cir. 1998)).[15]

### E.

The remainder of the claims in the Complaint against the City and State Defendants, namely, Counts Fifteen through Twenty, allege solely state law claims such as conversion, injurious falsehood, and intentional infliction of emotional distress. See Compl. ¶¶ 62-66. The Court declines to exercise supplemental jurisdiction over those claims. See Valencia ex rel. Franco v. Lee, 316 F.3d 299, 305 (2d Cir. 2003) (noting

---

[14] The plaintiff has also failed to allege what constitutional right A.D.A McArdle violated by allegedly providing the dates of a court-issued access order.

[15] The State Defendants also argue that the state constitutional claims must be dismissed because New York law precludes claims for damages against employees of the Department of Corrections. As discussed above, the Court declines supplemental jurisdiction over the state law claims and thus need not address this argument. See 28 U.S.C. § 1367(c)(3).

that the district court may, in its discretion, decline to
exercise supplemental jurisdiction over state law claims where
"the district court has dismissed all claims over which it has
original jurisdiction") (quoting 28 U.S.C. § 1367(c)(3)).

### IV.

Although the Cornelius Defendants did not file a motion to
dismiss, the federal claims against them must nevertheless be
dismissed for failure to state a claim. To the extent that the
plaintiff is attempting to sue the Cornelius Defendants for
violation of the plaintiff's rights under the United States
Constitution, the proper cause of action is a claim for a
violation of 42 U.S.C. § 1983. But § 1983 only applies to
denials of rights "under color of state law," and generally does
not apply to acts by private individuals. See Kia P. v.
McIntyre, 235 F.3d 749, 755-56 (2d Cir. 2000) (noting that
relief under § 1983 is only available when the "actions alleged
by the plaintiff[] come[s] within the definition of 'under color
of' [state] law." (quotation marks omitted).[16] Construing the
complaint liberally, the plaintiff may be attempting to allege a
conspiracy claim under 42 U.S.C. § 1985, which applies to
private citizens. See 42 U.S.C. § 1985. "To state a cause of

---

[16] Although there can be a claim for conspiracy under § 1983, as
discussed above, the plaintiff has failed to alleged such a
conspiracy with sufficient particularity.

action under § 1985(3), a plaintiff must allege (1) a conspiracy
(2) for the purpose of depriving a person or class of persons of
the equal protection of the laws, or the equal privileges and
immunities under the laws; (3) an overt act in furtherance of
the conspiracy; and (4) an injury to the plaintiff's person or
property, or a deprivation of a right or privilege of a citizen
of the United States." Traggis v. St. Barbara's Greek Orthodox
Church, 851 F.2d 584, 586-87 (2d Cir. 1988). However, because
§ 1985 itself "provides no substantive rights," a § 1985 claim
must be dismissed if the related § 1983 claim fails. Id. at 587.
Moreover, the Complaint contains no allegations of a class-based
designation and makes no more than conclusory general
allegations of a conspiracy, which are insufficient to survive a
motion to dismiss. See Schoon v. Berlin, No. 07-cv-2900 (JGK),
2011 WL 1085274, at *3 (S.D.N.Y. Mar. 23, 2011).

The Court declines to exercise supplemental jurisdiction
over the remaining state law claims against the Cornelius
Defendants. See 28 U.S.C. § 1367(c)(3); Valencia, 316 F.3d at
305.

## CONCLUSION

The Court has considered all of the arguments raised by the
parties. To the extent not specifically addressed, the arguments
are either moot or without merit. For the foregoing reasons, the
defendants' motions to dismiss are **granted** and the Complaint is

dismissed. The federal claims are dismissed with prejudice and the state claims are dismissed without prejudice to their being asserted in state court. The Clerk is direct to close all pending motions and to close the case.

**SO ORDERED.**

**Dated:     New York, New York**
**           March 8, 2017**                    _____/s/_____

                                                    **John G. Koeltl**
                                              **United States District Judge**